JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-6415 PA (SKx) | Date | August 29, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand Action to State Court, filed by plaintiff Nwamaka C. Oh ("Plaintiff") (Docket No. 9 ("Motion to Remand")), and a Motion to Dismiss Complaint, filed by defendant Navient Solutions, LLC ("Defendant") (Docket No. 10 ("Motion to Dismiss")). Defendant has filed an opposition to the Motion to Remand. (Docket No. 19 ("Opp'n").)[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing scheduled for September 8, at 1:30 p.m., is vacated, and the matter taken off calendar. For the reasons set forth below, Plaintiff's Motion to Remand is granted, and Defendant's Motion to Dismiss is denied as moot.

## I.   Background

Plaintiff, who is proceeding pro se, filed this action in the Los Angeles County Superior Court on June 5, 2025. This action arises out of Plaintiff's private student loans "originated and serviced by Defendant . . . for over two decades." (Compl. at p. 4.) According to the Complaint, at some point during or after October 2024, Plaintiff "discovered that Navient had unilaterally redirected her account access to a platform labeled as 'MOHELA,' a separate loan servicer, without providing full documentation or a coherent explanation fo the transfer's implications." (Id. at p. 5.) Plaintiff alleges that she was unable to access her account through MOHELA because "the system did not recognize her login credentials," but that when she logged into her account "through Navient's interface, it redirected her seamlessly into MOHELA's system";

---

[1]   Plaintiff did not file an opposition to Defendant's Motion to Dismiss. Instead, Plaintiff filed a "Notice Regarding Pending Motions," in which she asserts that the Court must "resolve a threshold jurisdictional challenge before proceeding to the merits of a case." (Docket No. 18.) To date, neither party has filed a reply in support of each of their respective motions, and the deadline to do so has passed. (See Docket No. 15 (setting briefing schedule); L.R. 7-10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6415 PA (SKx) | Date | August 29, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

Plaintiff asserts that this "indicat[ed] that Navient remained actively involved in the servicing and interface control, despite presenting to the public that it no longer had control over the loan." (Id.) Plaintiff claims that because Navient still provides access to the loan account through its interface, it has "an implied duty to clarify the loan's management status, which it has failed to fulfill," and that this alleged failure "constitutes ongoing misconduct[.]" (Id.)

Based on these allegations, the Complaint asserts claims for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.; violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and negligent misrepresentation. According to the Complaint, Plaintiff seeks actual damages in the amount of $64,000, statutory penalties under the Rosenthal Act, injunctive and declaratory relief, and "an award of costs of suit and reasonable fees." (See Compl. at pp. 3, 11–12.)[2]

Defendant removed the action to federal court on July 14, 2025, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. The case was assigned to this Court on July 28, 2025. On the same date, the Court issued an Order setting a briefing schedule for Plaintiff's Motion to Remand and continuing the hearing date on Defendant's Motion to Dismiss. (Docket No. 15.) Plaintiff moves the Court to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Defendant moves the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint is barred by the doctrine of claim preclusion and fails to state a claim.

## II.     Discussion

---

[2]     This action is not Plaintiff's first lawsuit against Defendant involving her student loans. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Plaintiff's prior action against Defendant, Nwamaka C. Oh v. Navient Solutions, LLC, Case No. 2:25-cv-01945-PA-SK, which was removed to this Court on March 5, 2025. In that action, Plaintiff, proceeding pro se, challenged the validity of her student loans and the legality of Defendant's transfer of the loans to MOHELA. The complaint asserted claims for breach of contract, fraudulent misrepresentation, violation of "consumer protection laws," including the Truth in Lending Act, 15 U.S.C. § 1601 et seq., negligence, and violation of the UCL. On May 1, 2025, the Court granted Defendant's motion to dismiss the complaint for failure to state a claim and dismissed the action with prejudice. (See Oh, Case No. 2:25-cv-01945-PA-SK, Docket Nos. 33, 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6415 PA (SKx) | Date | August 29, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

    When determining the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). Courts may use "judicial experience and common sense" in determining whether it is "facially apparent" that the amount in controversy is satisfied. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). "When it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6415 PA (SKx) | Date | August 29, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. (See NOR ¶ 3.) Defendants point to the allegations Complaint indicating that Plaintiff seeks $64,000 in damages, statutory penalties under the Rosenthal Act, and attorney's fees and costs. (See id. (citing Compl. at pp. 3, 7).) As Defendant explains, the maximum penalty for willful violation of the Rosenthal Act is $1,000. (See id.; Cal. Civ. Code § 1788.30(b)) Thus, Defendant argues, because Plaintiff demands a total of $65,000 in actual damages and statutory penalties, future reasonable attorneys' fees of "just $10,000" would "bring the amount in controversy to the threshold of $75,000." (NOR ¶ 3.) Defendant argues that this amount of attorney's fees could be easily accrued because, applying the lodestar method, and considering similar Rosenthal Act cases in Central District, all that would be required is 20 to 33.3 expended hours at a reasonable hourly rate of $300-$500. (See id. (collecting cases involving Rosenthal Act claims in which district court awarded more than $10,000 in attorney's fees).)

Plaintiff argues in her Motion to Remand that Defendant has not plausibly alleged that the amount in controversy exceeds $75,000 because Plaintiff is proceeding pro se and has not retained counsel. (See Motion to Remand at p. 4.) The Court agrees. "Pro se plaintiffs . . . are not entitled to attorney's fees." Blanchard v. Morton Sch. Dist., 509 F.3d 934, 936 (9th Cir. 2007); see Kay v. Ehrler, 499 U.S. 432, 438, 111 S. Ct. 1435, 1438, 113 L. Ed. 2d 486 (1991). Thus, even if Plaintiff were to prevail on all of her claims, she could not be awarded attorney's fees as a pro se litigant.

Defendant argues in opposition that because "Plaintiff has not represented that she will remain unrepresented, and expressly reserves the demand for attorneys' fees 'if represented,'" attorney's fees must be considered in calculating the amount in controversy. (Opp'n at p. 3.) However, nothing in the record before the Court suggests that Plaintiff has retained counsel or is likely to do so during the pendency of this case.[3] Plaintiff's allegation in the Complaint that she would be "entitled to . . . attorneys' fees and costs (if represented in the future)," (Compl. at p. 7) does not suffice, by itself, to plausibly show that an attorney's fee award is in controversy in this case. Absent any evidence to suggest that Plaintiff has retained or will retain counsel, Defendant's assertion that Plaintiff's hypothetical future counsel would easily accrue over $10,000 in attorney's fees does not rise above the level of mere speculation.

---

[3] Moreover, the Court observes that Plaintiff did not retain counsel in her prior suit against Defendant.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6415 PA (SKx) | Date | August 29, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

    Defendant also argues that Plaintiff has "strategically reduced her claimed damages to $65,000, down from the $2.5 million demanded in her first action" and has engaged in a "bad faith manipulation of the amount in controversy[.]" (Opp'n at p. 2.) As an initial matter, unlike in her prior action, Plaintiff does not appear to challenge the validity of her student loans or to seek damages based on Defendant's conduct prior to 2024 in this action. (See Compl. at p. 2 ("This complaint is not based on the validity of the original loans or on preciously adjudicated theories of contract formation. Instead, Plaintiff brings claims . . . based solely on Defendant's post-2024 conduct . . . .").)[4/] Importantly, moreover, although Defendant accuses Plaintiff of acting in bad faith, Defendant fails to offer any evidence to suggest that Plaintiff's damages would exceed the $65,000 demanded in the Complaint.

    The Court therefore concludes that Defendant has failed, at this time, to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant's allegations are thus insufficient to overcome the strict presumption against removal jurisdiction and insufficient invoke this Court's diversity jurisdiction under § 1332(a).

    Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 25STCV16336, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Because the Court lacks subject matter jurisdiction over this action, Defendant's Motion to Dismiss is denied as moot.

    IT IS SO ORDERED.

---

[4/]     The Court does not reach the issue of whether Plaintiff's claims in this action are barred under the doctrine of claim preclusion.